# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

YOGESH SHAH,

            **Petitioner,**

   **v.**                                  **Case No. 03-C-1266**
                                                **(Criminal Case No. 99-CR-211)**

UNITED STATES OF AMERICA,

            **Respondent.**

---

## <u>ORDER</u>

Petitioner Yogesh Shah filed a motion pursuant to 28 U.S.C. § 2255, challenging the Judgment in a Criminal Case entered against him on July 3, 2002. I screened the motion under Rule 4 of the Rules Governing Section 2255 Proceedings, ordering the government to respond. It did, and I then afforded petitioner a reply. I now issue the following order under Rule 8(a) of the Rules Governing § 2255 Proceedings.

## I.

Petitioner was charged in a seven-count indictment with bank fraud (counts one and five), wire fraud (counts two and three), inducing a person to travel in interstate commerce in execution of a scheme to defraud (count four), and money laundering (counts six and seven). Generally, the charges arose out of a scheme to defraud lenders and investors in petitioner's real estate venture. Petitioner was involved in residential rent-to-own home construction, pursuant to which investors would commit cash and agree to sign for a loan to construct a home, with petitioner supplying a tenant whose rent payments would cover the mortgage and provide the investors with a handsome return. The government charged

that petitioner and his employees falsified leases in order to induce banks to make loans to construct the properties, fraudulently assured lenders and investors of personal guarantees and secured mortgages, and forged signatures on an insurance check when one of the properties burned. Following a court trial, I found petitioner guilty on counts one through five, and not guilty on counts six and seven. Sentencing was set for January 11, 2001, but petitioner fled the country to his native India. He was subsequently detained and returned to the United States. On July 1, 2002, I sentenced him to a total of 144 months in prison.[1] Petitioner filed a notice of appeal, but his lawyer later moved to dismiss, which request was granted by the court of appeals on or about November 21, 2002. Petitioner later filed a pro se motion to recall the mandate, which was denied.

On November 17, 2003, petitioner filed the instant § 2255 motion, raising the following issues: (1) that all of his lawyers were ineffective;[2] (2) that the government presented false and perjured testimony against him; (3) that the indictment was defective; (4) that the indictment was constructively amended at trial; (5) that the evidence was insufficient; and (6) that his sentence was improperly enhanced. In a supporting affidavit, petitioner averred that his issues were not presented on direct appeal because his lawyer induced him into withdrawing the appeal with the assurance that it could be resurrected

---

[1]Defendant was charged separately with failure to appear for sentencing, contrary to 18 U.S.C. § 3146(a)(1), in Case No. 01-CR-26, and I sentenced him to six months consecutive on that charge.

[2]Petitioner was represented by several different lawyers at the pre-trial (Steve Kravit, David Clowers, William Marquis), trial (Peter Kovac) and sentencing/appeal (Jonathan Smith) phases.

Case 2:03-cv-01266-LA   Filed 04/21/05   Page 2 of 4   Document 24

later.  Finally, petitioner asked the court to delay adjudication of the motion until he could file a supporting memorandum.  I therefore withheld screening under Rule 4.

On May 27, 2004, petitioner filed a 145-page supporting memorandum, with attached exhibits.  In the memorandum, he argued that he was innocent of the counts of conviction, that the government used perjured testimony, and that the government withheld evidence from the defense.  I ordered the government to respond within 60 days, and on July 29, 2004, it did so.  I then allowed petitioner to file a reply, which he did on August 30, 2004. Petitioner subsequently filed various other papers requesting relief.  On December 3, 2004, the government responded that it stood on its July 29, 2004 submission.

## II.

It is undisputed that, because the appeal was withdrawn, petitioner did not present any of the issues contained in his motion to the Seventh Circuit on direct appeal.  Thus, all of those issues (save ineffective assistance of counsel, see Massaro v. United States, 538 U.S. 500 (2003)), are procedurally defaulted for collateral review.  In his lengthy memorandum, petitioner at various times suggests that his lawyers were ineffective, but the primary focus of his argument is on the alleged insufficiency of the evidence and the indictment, the government's alleged use of false testimony, and the government's alleged concealment of evidence.  To the extent that these issues may be raised under § 2255, petitioner must first demonstrate "cause" for his failure to raise them on appeal.  Then, in order to obtain relief, he must demonstrate actual "prejudice" based on the alleged errors. United States v. Frady, 456 U.S. 152, 167 (1982).

The parties do not specifically address these issues in their submissions.  In his original supporting affidavit, petitioner alleged that his lawyer misled him into dismissing his

3

appeal. If true, this could be sufficient to constitute cause and/or allow resuscitation of the direct appeal. Cf. Castellanos v. United States, 26 F.3d 717 (7th Cir. 1994).

This issue must be resolved before addressing the merits of petitioner's claims. Therefore, I will order supplemental briefing.

### III.

**THEREFORE, IT IS ORDERED** that petitioner may file a supplemental brief and supporting materials on the issue of cause for his procedural default within 30 days of the date of this order. The government may file a response, including a statement from appellate counsel, within 30 days of its receipt of petitioner's brief. Petitioner may file a reply within 15 days of receipt of the government's response.

Dated at Milwaukee, Wisconsin, this 21st day of April, 2005.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge

4